1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EUGENE SCOTT SNYDER,

11              Petitioner,                    No. 2:11-cv-2508 KJN P

12        vs.

13   STEVE MOORE,

14              Respondent.              ORDER

15   _____/

16        Petitioner, a county jail inmate proceeding without counsel, has filed an

17   application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application

18   to proceed in forma pauperis.

19        Examination of the in forma pauperis application reveals that petitioner is unable

20   to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

21   granted.  See 28 U.S.C. § 1915(a).

22        Petitioner challenges an August 27, 2010 "commitment" order in which petitioner

23   was bound over for trial in the San Joaquin County Superior Court.  Review of the San Joaquin

24   County Superior Court's Criminal Case Inquiries System reveals that there is a criminal case SF

25   113430A pending against petitioner, and petitioner's next court hearing is on October 3, 2011,

26   ////

1

1   for "motion calendar."[1]  Petitioner states he has been charged with nine counts of violating

2   California Penal Code § 288(a), one count of violating California Penal Code § 299, one count of

3   violating California Penal Code § 288(a)(1), one count of violating California Penal Code

4   § 647.6, and one count of violating California Penal Code § 311.11(a), and enhancements for

5   eight counts of violating California Penal Code § 1203.066(a)(8), and seven counts of violating

6   California Penal Code § 1203.066(a)(7).  While not entirely clear, it appears petitioner has not

7   yet been tried and convicted on these charges.

8          Federal courts cannot interfere with pending state criminal proceedings, absent

9   extraordinary circumstances which create a threat of irreparable injury.  Younger v. Harris, 401

10  U.S. 37, 45-46 (1971).  Irreparable injury does not exist in such situations if the threat to

11  plaintiff's federally protected rights may be eliminated by his defense of the criminal case.

12  Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding]

13  unless it is 'both great and immediate.'"  Id. at 46 (internal citation omitted).

14         "The Younger doctrine was borne of the concern that federal court injunctions

15  might unduly hamper a state in its prosecution of criminal laws."  Miofsky v. Superior Court, 703

16  F.2d 332, 336 (9th Cir. 1983).  In practical terms, the Younger doctrine means that "'only in the

17  most unusual circumstances is a defendant entitled to have federal interposition by way of

18  injunction or habeas corpus until after the jury comes in, judgment has been appealed from and

19  the case concluded in the state courts.'"  Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.)

20  (internal citation omitted).

21         If petitioner disputes findings entered in his pending criminal proceedings, or his

22  representation during pending criminal proceedings, he must address them to the superior court

23  or on appeal in state court.  A petition for writ of habeas corpus filed in federal court addresses a

24  _____

25     [1]  This information was obtained from the San Joaquin County Superior Court website,
    http://67.113.51.44/search/search.php?t=pn&q=Snyder%2C+Eugene+Scott&Submit=Submit
26  (accessed September 26, 2011).

1  final conviction or sentence, and any claims contained in such a petition must first be exhausted

2  before presentation to a federal court.  28 U.S.C. § 2254(b)(1).

3              Although it appears unlikely petitioner can amend to rectify the above defects,

4  petitioner will be provided one opportunity to amend his petition, in the event petitioner is

5  challenging a conviction that is final, and has exhausted his habeas claims.  If, however,

6  petitioner is challenging actions taken in the currently pending criminal proceedings in Case

7  Number SF 113430A, petitioner may file a voluntary dismissal of this action.  Fed. R. Civ. P.

8  41(a).  However, petitioner is cautioned that if he is challenging the pending criminal

9  proceedings and files an amended petition challenging the pending criminal proceedings, the

10  court will recommend that this action be dismissed under Younger, 401 U.S. at 45-46.

11              In accordance with the above, IT IS HEREBY ORDERED that:

12              1.  Petitioner's application to proceed in forma pauperis is granted;

13              2.  Petitioner's application for writ of habeas corpus is dismissed with leave to file

14  an amended petition or a request for voluntary dismissal within thirty days from the date of this

15  order;

16              3.  Any amended petition must be filed on the form employed by this court, must

17  name the proper respondent, must be signed by petitioner, and must state all claims and prayers

18  for relief on the form.  It must bear the case number assigned to this action and must bear the title

19  "Amended Petition"; and

20              4.  The Clerk of the Court is directed to send petitioner the form for habeas corpus

21  application, and an application to proceed in forma pauperis by a prisoner.

22  DATED:  September 26, 2011

23

24                                        KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE

25

26  snyd2508.114

3