IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE SCOTT SNYDER,

      Petitioner,                    No. 2:11-cv-2508 GEB KJN P

   vs.

STEVE MOORE,

      Respondent.               ORDER

_____/

        Petitioner is a state prisoner. This petition for writ of habeas corpus was dismissed on October 6, 2011, because petitioner's criminal case was still pending. On November 28, 2011, petitioner filed a letter in which he states he was convicted on or about November 4, 2011, and will be sentenced on December 19, 2011. Now that petitioner has been found guilty, petitioner asks whether he can file his federal petition now, or whether he still has to exhaust all of his appeals.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner is advised that he cannot seek federal habeas relief until his criminal conviction is final, and petitioner has presented his habeas petition to the highest state court, the California Supreme Court. However, petitioner should discuss his appeal options with his criminal defense lawyer, including whether petitioner

1

should seek habeas relief in the state superior court and the Court of Appeal for the Third District of California, prior to raising his claims in the California Supreme Court.[1]

This case is now closed. Subsequent documents filed by petitioner will be disregarded and no orders will issue in response to future filings.

DATED: December 13, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

snyd2508.158

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).